## FRED INGRAHAM v. STATE.

No. A-8227. Dec. 4, 1931.
(5 Pac. [2d] 769.)

Hughes & Hughes, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, for convenience referred to as the defendant, was convicted of having possession of intoxicating liquor, to wit, whisky, and was sentenced to pay a fine of $50 and be confined in the county jail for 30 days, and appeals.

The testimony on behalf of the state tends to show that the officers went to the home of the defendant with a search warrant and searched his premises. Ed Conner, one of the deputies, went to the door of defendant's home and knocked, and the wife of the defendant came to the door. The officer claims he told Mrs. Ingraham that he had a search warrant, and she asked him to read it, and he threw it down on the floor. She objected to him com-

ing into the house, as he was a stranger to her, and she thought he was drinking.

Mrs. Ingraham stated:

"Deputy Conner pushed the door open and shoved me down across a table and I caught him by the arm. I did not know Conner was an officer when he came to the door."

In searching the house a small quantity of whisky—about three pints—was found by the officers. Mrs. Ingraham says she bought it for a quart, and had only bought it a short while before the officers came. The officers with Deputy Conner did not know what took place in the house until the difficulty was nearly over.

There is no dispute in the record that there was a small quantity of whisky in a glass fruit jar. Mrs. Ingraham testified the whisky was not in the house when her husband left home; that she had bought it a short while before the officers came for the purpose of using it as medicine for two children she was raising, who were sick with the flu, one of the children being four years of age, and the other one eighteen months. There is no testimony to show that the statement of Mrs. Ingraham, as to having secured the whisky after her husband left home, is untrue. Nor is there any testimony tending to show any reason for the officers going to the home of the defendant with a search warrant.

The information in this case does not charge any quantity of whisky. There is no testimony in the record which tends in any way whatever to show that the quantity of whisky found in the defendant's home was for the purpose of being bartered, given away, or otherwise furnished to others in violation of law. Nor is there any testimony whatever to show that the defendant was ever

414

in actual or constructive possession of the whisky alleged to have been found in his home. The testimony, on the contrary, shows that he had never seen it and had nothing to do with it.

There is no competent testimony to sustain the judgment. The cause is reversed.

EDWARDS, J., concurs. CHAPPELL, J., dissenting.